LEO NIXON v. THE STATE.

No. 13095. Delivered May 28, 1930.
Reported in 28 S. W. (2d) 793.

The opinion states the case.

*W. B. Lea,* of Marshall, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Selling intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

The alleged purchaser was Robert Clayton. From the testimony of Austin Bryant it is made to appear that he, in company with Robert Clayton and C. H. Taylor, went late at night to the home of Leo Nixon to get some whisky. Nixon came to the door and was told by Clayton that he "needed a pint." Clayton and Nixon disappeared. In a few minutes Clayton came back to the automobile in which the witness and his companions were traveling. At some time after Clayton got into the automobile and after they had driven some distance from the house of Nixon, Austin Bryant saw Clayton in possession of a pint of whisky. Officers appeared and Clayton threw the pint of whisky out of the car. The three young men were arrested. After the arrest the officers who made the arrest went to the house of Nixon but failed to find him there. They waited about half an hour and he came to his home.

Nixon testified to an alibi, claiming that he had been called to the home of Mr. Downer to assist in putting up some hogs that had escaped.

Downer testified that while he was engaged at a conference at night at a hotel he was advised over the telephone that his hogs had escaped. He requested a man by the name of Walton to get the appellant's help and re-pen the hogs. Walton identified the transaction as taking place on the same night that Nixon was arrested. Walton testified that after the conversation with Downer, he, in company with Nixon, did pen the hogs; that it took them two and one-half or three hours to do so.

Neither Clayton nor Taylor testified in the case. None of the witnesses for the State saw the appellant in possession of the whisky. Clayton, the absent witness, is the only person in whose possession the whisky was seen. It was not seen in his possession at the home of the appellant. The circumstances are suspicious, but in view of the entire evidence, they are not deemed of such cogency as justified

the conviction of the 'appellant. The evidence is wholly circumstantial, and giving effect to the measure of the law with reference to that class of testimony, it becomes the duty of this court to order a reversal of the judgment of conviction, which is accordingly done.

*Judgment reversed.*